TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-6269
     E-mail:   samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-230-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ALEJO GARCIA-MORENO |
| v. | Hearing Date: December 13, 2021 |
| ALEJO GARCIA-MORENO, | Hearing Time: 11:00 a.m. |
| Defendant. | Location:     Courtroom of the Hon. Stephen V. Wilson |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Samuel J. Diaz, hereby files its Sentencing Position for defendant Alejo Garcia-Moreno.

//

//

//

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, the Revised Presentence Investigation Report (Dkt. 152 ("PSR")), and such further evidence and argument as the Court may permit.

Dated: December 6, 2021          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

          /s/
SAMUEL J. DIAZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant and three co-conspirators used a panga boat to smuggle almost 5,000 pounds of marijuana from Ensenada, Mexico, to California with the intent to distribute the marijuana in the United States. Defendant and his co-conspirators reached Goleta, California, in the early hours of March 12, 2020, where others were waiting to unload the marijuana from the panga boat. Law enforcement arrived while the marijuana was being unloaded from the boat on to the shore, and arrested defendant and his three co-conspirators.

Defendant, who is eligible under the safety valve provision for relief from the otherwise-applicable 10-year mandatory minimum sentence, faces a guidelines range of 57-71 months. He has a total offense level of 25 and is in criminal history category is I because he has no known prior criminal history. For the reasons discussed below, the record supports a sentence of 57 months, at the low-end of the applicable guidelines range.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is a native and lifelong resident of Sinaloa, Mexico. Sometime prior to March 12, 2020, defendant, along with three co-conspirators, agreed to transport almost 5,000 pounds of marijuana in a small, motorized "panga" boat from Ensenada, Mexico, to California and to distribute the marijuana to others upon reaching the United States. (PSR at ¶¶ 14, 17.) In March 2020, defendant and his co-conspirators arrived in Ensenada, Mexico, boarded the panga boat, and set out towards the United States. (Id. at ¶ 14.)

The Coast Guard and the Border Patrol surveilled defendant's panga boat as it travelled to the United States. On March 11, 2020,

Border Patrol informed Homeland Security Investigations ("HSI") of its suspicion that the panga boat contained narcotics. (Id. at ¶ 11.) On March 12, 2020, Defendant and his co-conspirators arrived on a beach in Goleta, California, and transferred the marijuana on the panga boat to others who were waiting on the shore. (Id. at ¶ 12.) Law enforcement subsequently arrived and, after observing various individuals unloading bales of marijuana from the panga boat, arrested defendant and his co-conspirators. (Id. at ¶ 13.) Agents seized 204 bales of marijuana that had been transported on the panga boat. (Id. at ¶ 17.) The bales contained a total of 2,138.5 kilograms of marijuana. (Id.) At all times relevant to his conduct, defendant knew that he was transporting marijuana and intended to further distribute it. (Id.)

On September 27, 2021, defendant pleaded guilty before this court to the sole drug trafficking count of the indictment under 21 U.S.C. §§ 841(a)(1), (b)(1)(A) pursuant to a written plea agreement. (Id. at ¶ 1-3; Dkt. 148 (Plea Agreement).) That charge carries a mandatory minimum sentence of 10 years imprisonment followed by 5 years of supervised release. (PSR at ¶¶ 68, 71.)

**III. GUIDELINES CALCULATIONS**

The PSR correctly calculates a base offense level of 30 under USSG § 2D1.1(a)(5), (c)(5) based on the fact that defendant possessed with intent to distribute 2,138.5 kilograms of marijuana. (PSR at ¶ 23.) It also correctly reduced the offense level by three-levels for acceptance of responsibility. (Id. at ¶¶ 31-32.) The PSR also includes a two-level decrease under USSG § 2D1.1(b)(18) for satisfying the elements of the safety valve. (Id. at ¶ 25.) Accordingly, the adjusted total offense level is 25.

With respect to criminal history, the government concurs with the PSR's determination that defendant falls within criminal history category I as he has no known prior criminal history.  (Id. at ¶ 35.)

With an offense level of 25 and a criminal history category I, defendant's applicable guidelines range is 57 to 71 months' imprisonment.

**IV.  GOVERNMENT'S SENTENCING RECOMMENDATION**

A low-end sentence of 57 months' imprisonment is a just in light of the factors under 18 U.S.C. § 3553(a) and the record as a whole. This sentence would properly balance the serious nature of this felony crime and the other aggravating facts with defendant's lack of criminal history and quick and full acceptance of responsibility.

A 57-month term of imprisonment sufficiently reflects the seriousness of the offense and provides adequate deterrence to other would-be traffickers.  See 18 U.S.C. § 3553(a)(2)(A)-(B). Defendant's offense is a serious one.  He, along with three co-conspirators, smuggled a large quantity of marijuana -- almost 5,000 pounds -- across international waters into the United States.  The size of shipment shows that it was part of an established and fairly sophisticated illegal operation, and the severity of this offense is underscored by the fact that, absent the application of the safety valve, a ten-year mandatory minimum sentence would apply.  See 21 U.S.C. § 841(b)(1)(A)(vii).  International smuggling of drugs like this clearly imposes dangers not only to those involved in the risky smuggling activity themselves, but also to the would-be users of the narcotics and on the Coast Guard and others members of law enforcement who must try to intercept and disrupt narcotics trafficking in risky conditions on the high seas and near our

borders.  A 57-month sentence adequately reflects the severity of this conduct and sends a proper deterrent message about the consequences of smuggling narcotics into the United States.

On the other hand, the mitigating factors in the record weigh in favor of a sentence at the low-end of the applicable Guidelines range.  Defendant has no known prior criminal history and there is no evidence that defendant had previously attempted to traffic controlled substances into the United States or had a large role in the smuggling organization.  The Guidelines sentence also correctly accounts for defendant's acceptance of responsibility and his completion of the requirements of 18 U.S.C. § 3553(f)(5) and the other safety valve factors.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of: (1) 57-months' imprisonment; (2) a three-year period of supervised release on the terms and conditions recommended by the USPO; and (3) a mandatory special assessment of $100.